IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| REBECCA MAE GILLIAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 05-2038-JWL |
| | ) |
| USD #244 SCHOOL DISTRICT; | ) |
| DR. DALE V. RAWSON, individually and | ) |
| as SUPERINTENDENT OF USD #244; | ) |
| JIM KUHN, individually and as | ) |
| PRINCIPAL OF BURLINGTON HIGH SCHOOL; | ) |
| and JOEL VANNOCKER, | ) |
| | ) |
| Defendants. | ) |

## PROTECTIVE ORDER

This case comes before the court on the parties' joint request for entry of a protective order. The parties content that defendant U.S.D. #244 possesses information in personnel files which contain confidential and sensitive financial and other documents regarding employees. Such information is confidential pursuant to the Kansas Open Records Act, K.S.A. 45-221(a)(4), (11), and (30), and *Berst v. Chipman*.[1] Defendant U.S.D. #244 also possesses "education records" which are confidential pursuant to the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232 g *et seq.* and which are confidential pursuant to the Kansas Open Records Act, K.S.A. 45-221(a)(1). The Family Educational Rights and Privacy Act, 20 U.S.C. § 1232 g *et seq.*, precludes an educational institution such as U.S.D. 244 from releasing "education records" of a student. The term "education records" is defined to include records which "contain information directly related to a student, and are maintained by an educational agency or

---

[1] 232 Kan.180, 190, 653 P.2d 107 (1982).

institution or by a person acting for such agency or institution."    For good cause shown, the court enters the following protective order.

This protective order applies to:

(a)     All documents or information from personnel records produced by defendant which would be exempted from disclosure under the Kansas Open Records Act;

(b)     all non-public financial records and information regarding the finances of the individuals who are parties;

(c)     all "education records" in the possession of USD 244.

To the extent that any of the records to which this order applies are produced by any party, the parties shall not disclose such documents or their content to any person other than to the Court in which this action is pending, except to the extent that disclosure to counsel's associates, assistants, consultants, contemplated witnesses or employees of counsel is essential to enable counsel to properly prepare for trial. The party producing documents or information within the scope of this Order shall designate documents by stamping them as "Confidential."  Any person contesting the "Confidential" designation of documents may file a motion with the Court after good faith discussions to resolve the issue with opposing counsel.

In the event that any document covered by this Order or the contents of any document is to be disclosed to any associate, assistant, consultant, contemplated witness, or employee, prior to disclosure of such documents or the contents of such documents, counsel shall advise such person of the substance of this Order and shall inform such person that neither the documents nor the content of the documents shall be copied, used, published or disclosed by such person except in accordance with this Order.

-3-

No party nor any person to whom their counsel justifiably discloses the documents or contents of documents covered by this Order shall be entitled to utilize those documents produced to them by the other party or their contents for any purpose other than this litigation unless the producing party has expressly agreed to such use in writing in advance of such disclosure or use; however, no party's use of its own documents is subject to this protective order.

Within thirty days after final resolution of this litigation, each party's counsel shall make reasonable efforts to collect all copies of all documents covered by this Order and all abstracts, summaries, charges, diagrams, graphs and any other documents containing information obtained from the documents covered by this Order and shall return the collected material without making copies, to the other counsel of record herein. Counsel for the parties shall certify that any copies with work product have been destroyed.

References to any documents covered by this Order in or as attachments to a pleading or brief shall be made in such a manner as to minimize the possibility of any confidential information being made public. Where this is accomplished by redaction of certain items in pleadings or briefs, or attachments to pleadings or briefs, copies of the documents or discovery materials containing the information in unredacted form shall also be submitted in a sealed envelope labeled with the case caption and the notation "confidential materials subject to protective order." Such papers or transcript may be filed under seal only upon separate, specific motion and later order of the court.[2] In the event that leave to file under seal is granted, the Clerk of the Court is hereby directed to hold the materials submitted and marked with the confidentiality notation, in a sealed envelope, and to make the same available only as authorized by the Court.

---

[2] *See Holland v. GMAC Mortgage Corp.*, No. 03-2666, 2004 WL 1534179, at *1-*2 (D. Kan. June 30, 2004)(citations omitted).

This Order does not address the use of documents or information subject to this Order at trial. Any issues relating to admission of documents subject to this Order is deferred for later resolution. Documents and information subject to this Order shall not be presented at trial without prior admonishments and instructions to the jury by the Court concerning the confidential nature of the documents and information to be presented at trial. If there is testimony or argument concerning those documents or presentation of those documents at trial, upon motion by either party, the Court may order the courtroom "closed" to non-party spectators.

The entry of this Protective Order does not require the disclosure or exchange of any documents or information and is not intended and should not be construed to waive any of the privileges and rights of any of the parties regarding any of the documents covered by this Order. The parties each reserve the right to petition the Court to modify this Protective Order in any respect.

IT IS SO ORDERED.

Dated this 22nd day of July, 2005, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
United States Magistrate Judge

APPROVED BY:

s/Tonna K. Farrar
Tonna K. Farrar
Attorney's Bar #18500
Attorney for Plaintiff
PITE DUNCAN & MELMET LLP
525 E. Main Street

P. O. Box 12289
El Cajon, CA 92022-2289
Phone number: (619) 590-1300, Ext. 2077
Fax number: (619) 590-1385
Attorney's E-mail address: tfarrar@piteduncan.com



s/Anne W. Schiavone
Anne W. Schiavone
Attorney's Bar #19669
Attorney for Plaintiff
The Schiavone Law Firm, PC
105 E. 5th Street, Ste. 401
Kansas City, Missouri 64106
Phone number: (816) 471-3832
Fax Number: (816) 472-4422
E-mail address: aws@schiavonelaw.com



s/J. Steven Pigg
J. Steven Pigg
Attorney's Bar #09213
Attorney for Defendants USD #244, Rawson and Kuhn
FISHER, PATTERSON, SAYLER & SMITH, L.L.P.
3550 S.W. 5th Street
P. O. Box 949
Topeka, KS 66601-0949
Phone number: (785) 232-7761
Fax number: (785) 232-6604
Attorney's E-mail address: spigg@fisherpatterson.com



s/Edward L. Keeley
Edward L. Keeley
Attorney's Bar #09771
Attorney for Defendant Joel Vannocker

McDonald, Tinker, Skaer, Quinn & Herrington, P.A.
P. O. Box 207
Wichita, KS 67201-0207
Business telephone:  (316) 263-5851
Fax number:  (316) 263-4677
E-mail address:  ekeeley@mtsqh.com